UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND SAFEGUARD INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>JIMMY CAMP DEVELOPMENT, INC.,<br><br>  Defendant. | No. 2:13-mc-0115-TLN-KJN<br><br>ORDER |

This miscellaneous action and motion for an order compelling the compliance by third party witnesses Deborah Sweeney and Molly Floto with subpoenas to produce documents and/or for contempt sanctions were filed on November 13, 2013. (ECF No. 1.)[1] The court set the motion for hearing on December 5, 2013, and the third party witnesses were ordered to file an opposition to the motion no later than November 22, 2013. (ECF No. 2.) No opposition or other response to the motion was filed. At the hearing on the motion, Richard Sullivan appeared on

////

////

---

[1] The principal action in relation to which these subpoenas were issued is venued in the United States District Court for the District of Colorado. See Bond Safeguard Insurance Company v. El Paso County et al., 1:11-cv-2547-CMA-KLM (D. Colo.).

1

behalf of the movant Bond Safeguard Insurance Company, and Brian Barrad specially appeared on behalf of the third party witnesses.[2]

After considering the briefing in support of the motion and counsel's oral arguments, and for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Bond Safeguard Insurance Company's motion to compel (ECF No. 1) is GRANTED IN PART along the terms of this order.

2. No later than December 30, 2013, third party witnesses Deborah Sweeney and Molly Floto shall each comply with the December 4, 2012 subpoenas issued by Bond Safeguard Insurance Company by either (a) producing any responsive documents or (b) providing a declaration under penalty of perjury stating that no responsive documents exist in the particular witness's possession, custody, or control. Because no specific objections were previously served, the court finds that all legal objections by these witnesses have been waived.

3. No sanctions are issued at this juncture. However, if the third party witnesses fail to comply with the subpoenas and this court's order by the required deadline, Bond Safeguard Insurance Company may file with the court and serve on the third party witnesses and any other appropriate parties an application for an order to show cause why a contempt citation should not issue. The application shall specify the type of contempt sanctions sought (civil, criminal, or otherwise) and discuss the requirements and procedure to award such sanctions, supported by appropriate legal authorities and briefing. If appropriate, the court will then issue an order to show cause and set the matter for a hearing.

---

[2] The third party witnesses were formerly represented by attorney W. Austin Cooper, who according to the website of the California State Bar, was ordered inactive on October 26, 2013, and is no longer eligible to practice law in California. See http://www.calbar.ca.gov. Mr. Barrad clarified that he was taking over some of Mr. Cooper's other cases, but that he has not, at least at this point, been retained to represent Ms. Sweeney or Ms. Floto, nor had he yet spoken to them. Because Mr. Barrad only became aware of this proceeding mere days ago, he indicated that he was making a special appearance for the third party witnesses and Mr. Cooper as a courtesy, which the court appreciates.

4. Bond Safeguard Insurance Company shall promptly serve a copy of this order on third party witnesses Deborah Sweeney and Molly Floto, and shall file a brief declaration of service to that effect.

5. As a further courtesy to the court, Mr. Barrad shall also make best efforts to ensure that Deborah Sweeney and Molly Floto receive a copy of the court's order, utilizing whatever contact information Mr. Cooper's office has for these individuals. If Mr. Barrad is ultimately retained to represent Deborah Sweeney and Molly Floto, he shall file a notice of appearance of counsel to that effect in this miscellaneous action.

IT IS SO ORDERED.

Dated:  December 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE