1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BOND SAFEGUARD INSURANCE                No.  2:13-mc-0115-TLN-KJN
     COMPANY,
12
                          Plaintiff,
13                                            ORDER
            v.
14
     JIMMY CAMP DEVELOPMENT, INC.,
15
                          Defendant.
16

17          This miscellaneous action was commenced on November 13, 2013.  (ECF No. 1.)  On

18   February 19, 2014, based on an application filed by plaintiff Bond Safeguard Insurance

19   Company, the court issued an order to show cause why contempt citations should not be issued

20   and monetary sanctions imposed against third party witnesses Deborah Sweeney and Molly Floto,

21   as well as their attorney Brian Barrad, based on their alleged failure to comply with plaintiff's

22   subpoenas and this court's December 6, 2013 order directing compliance with those subpoenas.

23   (ECF Nos. 6, 9, 11.)[1]  The court ordered Deborah Sweeney, Molly Floto, and their attorney to file

24   _____

25   [1] The subpoenas essentially called for any documents and electronically stored information
     concerning an individual named George Kramer, a former defendant and person of interest in the
26   underlying litigation in Colorado, as well as entities with which George Kramer was associated.
     (ECF No. 1-1, Exs. C & D.)  As far as the court can ascertain, plaintiff is primarily seeking to
27   learn George Kramer's whereabouts and contact information, as well as information concerning
     any properties or assets he may hold.
28

                                            1

1   a written response to the order to show cause no later than March 3, 2014, set a hearing on the

2   matter for March 13, 2014, and directed Deborah Sweeney, Molly Floto, and all counsel to

3   personally appear at the hearing.  (ECF No. 11.)[2]

4         On March 3, 2014, the third party witnesses and their attorney, Mr. Barrad, filed a timely

5   response to the order to show cause.  (ECF No. 12.)  On March 6, 2014, plaintiff then filed a reply

6   to the third party witnesses' response to the order to show cause.  (ECF No. 14.)  At the March

7   13, 2014 hearing, Richard Sullivan appeared on behalf of plaintiff, and Brian Barrad appeared on

8   behalf of third party witnesses Deborah Sweeney and Molly Floto.  Deborah Sweeney was

9   personally present at the hearing, and Molly Floto appeared telephonically.  (ECF No. 16.)

10         Deborah Sweeney confirmed that she was George Kramer's sister, and Molly Floto

11   confirmed that she was Deborah Sweeney's daughter and that George Kramer was her uncle.

12   Upon questioning by the court, both witnesses represented, *inter alia*, that they did not know

13   where George Kramer was located, did not have any contact information for him personally, and

14   had no contact with him, except when they last saw him at a Thanksgiving 2013 celebration at

15   another relative's house.  Deborah Sweeney also indicated that George Kramer might have called

16   her on her cell phone sometime around Thanksgiving 2013, but that she did not have his phone

17   number.  However, she stated that she did have a contact number for George Kramer's ex-wife,

18   Patricia, who may or may not know how to reach George Kramer.  Both Deborah Sweeney and

19   Molly Floto represented that they had no written documents, e-mails, or text messages for the past

20   6 ½ years that would be responsive to the subpoenas.

21         As stated at the hearing, the court orders third party witnesses Deborah Sweeney and

22   Molly Floto to serve on plaintiff, within ten (10) days of this order, declarations under penalty of

23   perjury stating that: (1) they have made a reasonable and diligent search for any documents or

24   electronically stored information responsive to the subpoenas; (2) they have no responsive

25   documents or electronically stored information in their possession, custody, or control; and (3)

26

27   [2] The court subsequently issued a minute order permitting Molly Floto to appear telephonically at
    the March 13, 2014 hearing, based on circumstances related to her employment.  (ECF No. 13.)

28

they affirm the truthfulness and accuracy of all statements made on the record at the March 13, 2014 hearing.[3]  As part of her declaration, Deborah Sweeney shall also provide the phone number for George Kramer's ex-wife, Patricia, as well as any other contact information (such as physical address or e-mail address) that she may have for Patricia.

After the hearing, plaintiff submitted a supplemental filing requesting the court to order Deborah Sweeney to produce her cell phone records for the period of November-December 2013 in light of her testimony that she received a call from George Kramer around that time.  (ECF No. 17.)  Plaintiff's counsel failed to raise this issue at the hearing and Deborah Sweeney has not had an opportunity to respond.  As such, the court denies plaintiff's request to have the actual records produced.  Instead, the court orders Deborah Sweeney to perform an additional search of her phone records for November-December 2013, and provide, as part of her declaration, the number from which George Kramer purportedly called her during November-December 2013.  If Deborah Sweeney is unable to locate, identify, and/or provide that number, she shall set forth the specific reasons and circumstances in her declaration.[4]

Finally, the court declines to impose any sanctions on Deborah Sweeney, Molly Floto, or Brian Barrad.  The court is sympathetic to plaintiff's frustration, especially given the long delays and significant efforts undertaken by plaintiff to obtain responses to the subpoenas.  However, the delays were in large part the result of the third party witnesses' reliance on advice of attorney Austin Cooper, who has since been ordered inactive and no longer eligible to practice law by the California State Bar.  The court does not presently find that Mr. Barrad continued with Mr. Cooper's course of conduct or that the third party witnesses are unwilling to comply with the

---

[3] If plaintiff wishes to obtain a copy of the hearing transcript, plaintiff may contact the undersigned's courtroom deputy to enquire about the process for ordering a transcript.

[4] It may well be that Deborah Sweeney does not presently have actual possession of the phone records for the November-December 2013 period, but that they could be requested from her phone carrier.  In that case, Deborah Sweeney shall make appropriate efforts to obtain the records from her phone carrier.  If she is unable to obtain the records within the 10-day period, she shall outline the efforts made to obtain the records in her declaration, and then as soon as possible serve a supplemental declaration once she has received the records and performed the required search.

3

1  subpoenas or the court's orders.

2        However, Deborah Sweeney, Molly Floto, and their counsel are hereby cautioned that if

3  they fail to comply with the express terms, as well as the spirit, of this order (for example, by

4  filing intentionally evasive declarations), the court will not hesitate to revisit the issue of

5  sanctions.  Mr. Barrad is reminded of his obligation as counsel of record to ensure that

6  appropriate searches are conducted and that the ordered information is promptly provided.

7        Accordingly, IT IS HEREBY ORDERED that:

8      1.  Within ten (10) days of this order, Deborah Sweeney and Molly Floto shall conduct

9         any search(es) required by this order and file declarations in compliance with this

10         order.

11      2.  The order to show cause (ECF No. 11) is discharged.

12      3.  Plaintiff's request for sanctions is denied without prejudice.

13        IT IS SO ORDERED.

14  Dated:  March 17, 2014

15

16  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4