UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND SAFEGUARD INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>JIMMY CAMP DEVELOPMENT, INC.,<br><br>          Defendant. | No. 2:13-mc-0115-TLN-KJN<br><br><br>ORDER |

Presently pending before the court is Bond Safeguard Insurance Company's ("BSIC") motion for reconsideration of the court's prior March 17, 2014 order (ECF No. 18) declining to impose sanctions on third party witness Deborah Sweeney ("Sweeney"). (ECF No. 20.) Sweeney has opposed the motion. (ECF No. 24.)[1] For the reasons below, the court DENIES the motion.[2]

---

[1] Sweeney was previously represented in this action by attorney Brian Barrad. However, along with her opposition to BSIC's motion, Sweeney submitted a proposed order granting leave for attorney Robert Cameron to substitute in as new counsel for Sweeney. (ECF No. 23.) The form is signed by Sweeney, former attorney Brian Barrad, and substituting attorney Robert Cameron. The court grants that request, and Mr. Cameron is substituted as Ms. Sweeney's new counsel.

[2] The court finds the motion suitable for resolution without oral argument on the record and written briefing pursuant to Local Rule 230(g), and thus vacates the October 8, 2015 hearing.

1

1    This miscellaneous action was commenced on November 13, 2013.  (ECF No. 1.)  On
2 February 19, 2014, based on an application filed by BSIC, the court issued an order to show cause
3 why contempt citations should not be issued and monetary sanctions imposed against third party
4 witnesses Sweeney, Molly Floto (Sweeney's daughter), and their attorney Brian Barrad, due to
5 their alleged failure to comply with plaintiff's subpoenas and this court's December 6, 2013 order
6 directing compliance with those subpoenas.  (ECF Nos. 6, 9, 11.)  The subpoenas essentially
7 called for any documents and electronically stored information concerning an individual named
8 George Kramer (Sweeney's brother and a former defendant/person of interest in underlying
9 litigation in Colorado), as well as entities with which Kramer was associated.   (ECF No. 1-1,
10 Exs. C & D.)  As the court noted at the time, it appeared that BSIC was primarily seeking to learn
11 Kramer's whereabouts and contact information, as well as information concerning his properties
12 and assets.
13   At a March 13, 2014 hearing on the order to show cause, Sweeney largely represented that
14 she had no written documents, e-mails, or text messages for the past 6 ½ years that would be
15 responsive to the subpoenas.  According to Sweeney, she built a second residence with her own
16 money on real estate owned by Kramer located at 1992 Vista Mar Drive in Eldorado Hills,
17 California, and obtained a promissory note and deed of trust from Kramer essentially to protect
18 Sweeney's interest in that property.  She produced the deed of trust, but was unable to locate the
19 promissory note.  (See generally ECF No. 19.)  After the hearing, on March 17, 2014, the court
20 ordered Sweeney to conduct an additional search and file a supplemental declaration.  (ECF No.
21 18.)  The court also discharged the order to show cause and declined to impose any monetary
22 sanctions.  (Id.)
23   Thereafter, on September 3, 2015, almost 18 months after the court's March 17, 2014
24 order was entered, BSIC filed the instant motion for reconsideration.  (ECF No. 20.)  BSIC
25 apparently commenced a new civil action in this court against Kramer and Sweeney in August
26 2014.  See Bond Safeguard Insurance Company v. Kramer et al., 2:14-cv-1896-JAM-CKD (E.D.
27 Cal.).  According to BSIC, Sweeney's August 7, 2015 deposition and other discovery in that case
28 have revealed that Sweeney is purportedly in possession of the above-referenced promissory note,

2

as well as several documents that relate to the construction of her home on Kramer's property and which also reference Kramer.  BSIC alleges that Sweeney made multiple misrepresentations and false statements in connection with the prior proceedings in this action, and that the court should therefore reconsider its prior order declining to impose sanctions against Sweeney.  In turn, Sweeney counters that the promissory note was only discovered subsequent to the court's order, and that she in good faith believed that the construction documents were not responsive to the subpoena, particularly given that the second house's construction was openly discussed at the March 13, 2014 hearing.

BSIC cites no particular authority pursuant to which it seeks reconsideration.  However, the court liberally construes the motion as seeking reconsideration of the court's prior order pursuant to Federal Rule of Civil Procedure 60(b).[3]  That rule provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  BSIC's motion for reconsideration, which alleges the recent discovery of false statements and misrepresentations by Sweeney, appears to be based on Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(3) (fraud, misrepresentation, or misconduct by an opposing party).[4]

////

---

[3] Federal Rule of Civil Procedure 59(e) is plainly not a plausible procedural mechanism for reconsideration here, because BSIC is not moving for relief within 28 days of the entry of judgment. See Fed. R. Civ. P. 59(e).

[4] Sweeney is clearly BSIC's opposing party in this miscellaneous case seeking compliance with subpoenas, because BSIC sought Sweeney's compliance with its subpoena by an application for an order to show cause, and Sweeney opposed the order to show cause and the imposition of sanctions.

3

However, BSIC cannot obtain reconsideration pursuant to those provisions, because BSIC filed its motion more than a year after entry of the court's March 17, 2014 order. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); Nevitt v. United States, 886 F.2d 1187 (9th Cir. 1989) (explaining that a district court is without jurisdiction to consider a motion pursuant to Rule 60(b)(1)-(3) more than a year after the judgment or order was entered); see also Fed. R. Civ. P. 6(b)(2) (stating that a court "must not extend the time to act" under Rule 60(b)).

Even though a motion for reconsideration pursuant to Rule 60(b)(4)-(6) need only be made within a reasonable time and is not subject to the one-year limitation, any reliance on those provisions would be misplaced. Rule 60(b)(4) and 60(b)(5), by their terms, clearly do not apply to BSIC's motion in this case, and Rule 60(b)(6), known as the "catch-all" provision, "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Here, BSIC's reasons for seeking reconsideration are plainly covered by Rules 60(b)(2) and 60(b)(3).

Therefore, the court does not reach the merits of the matter, but instead concludes that BSIC's motion for reconsideration must be denied as untimely. "While enforcement of the time limit may seem unfair, the general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Zendel v. ABC Video Prods., 2013 WL 1396572, at *7 (C.D. Cal. Mar. 29, 2013).

Accordingly, IT IS HEREBY ORDERED that:

1. Sweeney's substitution of attorney (ECF No. 23) is APPROVED and Robert Cameron is substituted as new counsel for Sweeney.
2. BSIC's motion for reconsideration (ECF No. 20) is DENIED.
3. The October 8, 2015 hearing is VACATED.
4. The Clerk of Court shall close this miscellaneous case.

////

////

1   IT IS SO ORDERED.

2   Dated:  October 6, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE